**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Adelbert H. Warner, II,
Kenneth J. Rowe,
Kyle Olsen, and
J. Randall Ismay

   v.                                                               Civil No. 16-cv-034-JD

Det. James McLaughlin

**REPORT AND RECOMMENDATION**

Before the court is plaintiffs' complaint (doc. no. 1) in this matter, alleging violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, et seq. ("ECPA"), and seeking relief under 18 U.S.C. § 2520. Because plaintiffs are prisoners proceeding pro se,[1] the matter is before the court for preliminary review, pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).[2] Also before the court for consideration is

---

[1]The initial complaint in this matter (doc. no. 1), named four plaintiffs, Warner, Rowe, Olsen, and Ismay, but only Warner signed the complaint. Plaintiffs Rowe, Olsen, and Ismay each subsequently signed and filed a document entitled "Certification" (doc. nos. 4, 5, and 21), that the court construes as addenda to the complaint to add their signatures, signifying that they are representing themselves in this action.

[2]The court previously issued a Report and Recommendation (doc. no. 20) which has been vacated and replaced with the instant Report and Recommendation. While the previous Report and Recommendation was pending, defendants Olsen, Rowe, and Warner filed objections (doc nos. 22-24) thereto. Those objections, along with any further objections properly filed by plaintiffs, will be forwarded to the district judge considering

plaintiffs' motion for default judgment (doc. no. 6), defendant's objection thereto (doc. no. 9), and plaintiffs' response to the objection (doc. no. 11).

## Background

Plaintiffs are federal prison inmates serving lengthy prison sentences for offenses related to the distribution and/or production of child pornography. See, e.g., United States v. Warner, No. 1:08-cr-063-PLM (W.D. Mich.); United States v. Rowe, No. 5:10-cr-019-KKC-REW (E.D. Ky.); United States v. Olsen, No. 1:10-cr-374 (N.D. Ill.); United States v. Ismay, No. 8:08-cr-39-AG (C.D. Cal.). Each of their convictions arose out of investigations conducted, at least in part, by Detective James McLaughlin of the Keene (New Hampshire) Police Department. Plaintiffs engaged in online conversations with McLaughlin, who was posing as an adolescent boy, by way of instant messaging, private chats, and/or e-mail. The online communication between McLaughlin and the plaintiffs included each plaintiff sending McLaughlin digital images constituting child pornography. Each

---

the instant Report and Recommendation. Additionally, to the extent those objections contained information that could be construed as addenda to the complaint, the undersigned Magistrate Judge has considered them and found that the contents of the objections do not alter her recommendation in this matter.

case resulted in criminal convictions.

## Discussion

### I. Preliminary Review

#### A. Standard

In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the pleading, and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

#### B. ECPA Claims

The ECPA protects "electronic communications . . . against unauthorized interceptions" by private persons, and government and law enforcement officials. Brown v. Waddell, 50 F.3d 285, 289 (4th Cir. 1995) (citing 18 U.S.C. § 2511(1)(a)).[3] The ECPA authorizes private lawsuits for civil damages where plaintiff's

---

[3]The ECPA defines "electronic communication" as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce." 18 U.S.C. § 2510(12).

"electronic communication is intercepted, disclosed, or intentionally used in violation of" the EPCA. 18 U.S.C. § 2520.

Relevant to this action, § 2511(2)(c) of the ECPA allows "a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication." Plaintiffs here claim that the manner in which McLaughlin recorded the electronic communications that formed the basis of the plaintiffs' criminal charges violated the ECPA, and that they are thus entitled to relief. Plaintiffs specifically assert that Det. McLaughlin's actions in each of their cases violated 18 U.S.C. § 2518(8)(a), which requires that, where possible, ECPA-authorized electronic communications be recorded in a manner that "protect[s] the recording from editing or other alterations."[4] Id. Plaintiffs state that McLaughlin recorded their electronic communications by taking "screen shots" of their electronically written conversations, or saving those conversations into text files. Plaintiffs allege

---

[4]Section 2518(8)(a) states, in pertinent part:

The contents of any wire, oral, or electronic communication intercepted by any means authorized by this chapter shall, if possible, be recorded on tape or wire or other comparable device. The recording of the contents of any wire, oral, or electronic communication under this subsection shall be done in such a way as will protect the recording from editing or other alterations. . . .

4

that, in preparing documents to be used in their criminal cases, McLaughlin used a cut-and-paste method to place recorded excerpts of his electronic communications with the plaintiffs into documents McLaughlin prepared for use in each of the plaintiffs' cases. Plaintiffs assert that during the cut-and-paste process, McLaughlin was able to make textual changes to copies of the communications, and thus, the communications were recorded in a medium that did not protect those recordings from alterations or editing, in violation of § 2518(8)(a). Plaintiffs further claim that slight textual changes between documents utilized in the plaintiffs' cases and the original recordings of the electronic communications between McLaughlin and each plaintiff, demonstrate that McLaughlin fabricated evidence in the plaintiffs' cases.

Assuming, without deciding, that protective recording was possible in the instances plaintiffs describe, the allegations in the complaint, taken as true, do not demonstrate that the initial recording of the excerpted conversations was not protective of the integrity of the original recording, or otherwise failed to satisfy the requirements of § 2518(8)(a).[5]

---

[5] At least one court has found that § 2518(8)(a) does not apply to recordings of conversations in which one party, acting under color of law, consents to the recording, as that subsection applies to interceptions made "by any means authorized by this chapter," and that, while § 2511(2)(c)

As plaintiffs have failed to assert facts to support a claim that defendant violated § 2518(8)(a), they have failed to assert a claim upon which relief may be granted under § 2520, and the district judge should dismiss the complaint.

    C.    <u>Statute of Limitations</u>

There is another basis upon which the action should be dismissed. Lawsuits filed under 18 U.S.C. § 2520 must be brought within two years "after the date upon which the claimant first has a reasonable opportunity to discover the violation." <u>Id.</u> at § 2520(e). Plaintiffs assert that they did not learn of the evidence in other cases like theirs prior to the expiration of the limitations period in this matter, and thus could not have filed this action within that period.

Each plaintiff was represented by counsel in his criminal case. At the time of each plaintiff's criminal prosecution, information as to how Det. McLaughlin had collected and stored evidence against that plaintiff was available to him, giving that plaintiff, and his attorney, the opportunity to investigate and discover any ECPA violation that may have occurred in that

---

provides that consensual recordings are not "unlawful" under the ECPA, that statutory language does not necessarily require a finding that such communications are "authorized by" the ECPA. <u>See</u> <u>United States v. Vancier</u>, 466 F. Supp. 910, 910 (S.D.N.Y. 1979). As the instant complaint is otherwise subject to dismissal, this court need not take a position on that issue.

case. The plaintiffs did not need to know how similar evidence in any other case had been collected or stored by Det. McLaughlin for each plaintiff to have a reasonable opportunity to discover a violation of the ECPA. Judgment in Warner's criminal case was entered on August 20, 2008. See Warner, No. 1:08-cr-063-PLM (W.D. Mich.), ECF No. 36. Judgment in Rowe's criminal case was entered on February 11, 2011. See Rowe, No. 5:10-cr-019-KKC-REW (E.D. Ky.), ECF No. 46. Judgment in Olsen's criminal case was entered on January 27, 2011. See Olsen, No. 1:10-cr-374 (N.D. Ill.), ECF No. 29. Judgment in Ismay's criminal case was entered on July 26, 2010. See Ismay, No. 8:08-cr-039-AG (C.D. Cal.), ECF No. 109. This action was not filed until January 27, 2016. Each plaintiff, therefore, had a minimum of almost five years, prior to the filing of this action, during which he could have filed an EPCA claim. Nothing in the record suggests that any plaintiff lacked a reasonable opportunity to file this case within two years of his conviction. Even crediting as true plaintiffs' assertion that the claims in this action are bolstered by evidence of McLaughlin's actions in one another's criminal cases, such evidence did not provide any of the plaintiffs here with his first "reasonable opportunity to discover the violation," 18 U.S.C. § 2520(e), that forms the basis of this action.

Plaintiffs argue that compliance with the statute of limitations should be excused in this case, as McLaughlin's alleged fabrication of evidence means that the plaintiffs are actually innocent of the charges against them.  Plaintiffs have not demonstrated, however, sufficient evidence of factual innocence of the offenses of which they were convicted to toll the limitations period, assuming, without deciding, that equitable tolling could be available on that ground. Accordingly, the district judge should find that this action is untimely filed, and should dismiss the complaint.

**III.** Motion for Default Judgment (Doc. No. 6)

Plaintiffs filed a motion for default judgment (doc. no. 6).  Defendant objected (doc. no. 9).  In a response (doc. no. 11) to that objection, plaintiffs concede, correctly, that default judgment should not enter at this time.  Accordingly, the district judge should deny the motion for default judgment.

## Conclusion

For the foregoing reasons, the district judge should dismiss this action in its entirety for failure to state a claim, and deny the motion for default judgment (doc. no. 6). Any objections to this Report and Recommendation must be filed

within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 12, 2016

cc: Adelbert H. Warner, II, pro se
    Kenneth J. Rowe, pro se
    Kyle Olsen, pro se
    J. Randall Ismay, pro se
    John A. Curran, Esq.