UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Adelbert H. Warner, II, et al</u>

    v.                             Civil No. 16-cv-034-JD
                                         Opinion No. 2016 DNH 154

<u>James McLaughlin</u>


O R D E R


    Adelbert H. Warner, II, Kenneth J. Rowe, Kyle Olsen, and J. Randall Ismay, who are prisoners proceeding pro se, brought suit against James McLaughlin, a detective in the Keene, New Hampshire, Police Department.  The plaintiffs allege that McLaughlin violated the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, et seq., when he intercepted their on-line communications while posing as an adolescent boy.  As a result of McLaughlin's investigations, all four of the plaintiffs were convicted on charges of the distribution and/or production of child pornography and received lengthy sentences. <u>See</u> <u>United States v. Warner</u>, 08-cr-63-PLM (W.D. Mich. Aug. 20, 2008); <u>United States v. Rowe</u>, 10-cr-19-KKC-REW (E.D. Ky. Feb. 11, 2011); <u>United States v. Olsen</u>, 10-cr-374 (N.D. Ill. Jan. 27, 2011); <u>United States v. Ismay</u>, 08-cr-39-AG (C.D. Cal. July 26, 2010).

Because the plaintiffs are pro se prisoners, the magistrate judge conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A(a) and Local Rule 4.3(d)(1) and also ruled on the plaintiffs' motion for a default judgment.  The magistrate judge issued a report and recommendation on June 9, 2016, and Warner, Rowe, and Olsen filed objections.  That report and recommendation was vacated on August 12, 2016, after Ismay filed a "Certification" that he intended to join in the suit despite having not signed the complaint.

The magistrate judge issued a second report and recommendation for preliminary review of the complaint and review of the motion for default judgment, which included consideration of Ismay's claim.  The magistrate judge again recommended that the complaint be dismissed and that the motion for a default judgment be denied.  The objections filed in response to the first report and recommendation, along with supplemental filings by Warner and Rowe, are considered here.

Ismay has now moved to voluntarily dismiss his claim without prejudice.  Because McLaughlin has not yet filed an answer, the motion is construed as a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A), which operates to dismiss Ismay's claim against McLaughlin without prejudice.

## Standard of Review

The court conducts a de novo review of those portions of the magistrate judge's report and recommendation to which an objection is filed.  28 U.S.C. § 636(b)(1).  The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.  Warner, Rowe, and Olsen filed objections, but Ismay did not.

On preliminary review under § 1915A, the court uses the same standard that applies to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Legate v. Livingston, 822 F.3d 207, 209-10 (5th Cir. 2016); De'lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013).  Under Rule 12(b)(6), "the complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'"  Miller v. Town of Wenham, --- F.3d ---, 2016 WL 4206375, at *3 (1st Cir. Aug. 20, 2016).  The court takes the complaint in the light most favorable to the plaintiffs but disregards conclusory statements.  Wilson v. HSBC Mortg. Servs., Inc., 744 F.3d 1, 7 (1st Cir. 2014).  In applying the standard, the court liberally construes the pleadings of pro se plaintiffs.  Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75 (1st Cir. 2014).

## Discussion

The plaintiffs allege that McLaughlin violated § 2518(8)(a) by using computer word processing software to copy their

3

communications to affidavits.  They also assert that McLaughlin altered and fabricated evidence against them.  They contend that their claims are not untimely because they are entitled to equitable tolling.  The plaintiffs ask that their convictions be vacated and expunged from their records and seek statutory damages along with attorneys' fees and litigation costs.

As a preliminary matter, Rowe charges that the magistrate judge improperly vacated the first report and recommendation and then issued a second report and recommendation.  Rowe is mistaken.  Because his fellow plaintiff, Ismay, failed to sign the complaint, his claim was not considered in the first report and recommendation.  Ismay, however, filed a certification to join in the complaint after the first report and recommendation issued.  Therefore, the magistrate judge properly vacated the first report and recommendation, in order to consider Ismay's claim, and then issued a report and recommendation as to the claims of all of the plaintiffs.  As noted above, however, Ismay has now voluntarily dismissed his claim.

A.  <u>Report and Recommendation and Objections</u>

The magistrate judge found that the plaintiffs' allegations did not demonstrate that McLaughlin's recording of their communications violated § 2518(8)(a) and recommended dismissal of the complaint for that reason.  The magistrate judge also

4

found that the action was barred by the two-year statute of limitations, § 2520(e), and that the plaintiffs had not alleged grounds to support tolling of the limitation period.  With respect to the motion for a default judgment, the magistrate judge noted that the plaintiffs had correctly conceded that default judgment should not enter and recommended the motion be dismissed.

Warner objects to the report and recommendation, challenging the standard of review, the report on the merits of the claims, the application of the statute of limitations, and failure to find that his motion for default judgment was moot. In addition to challenging the magistrate's authority to vacate the first report and recommendation, Rowe asserts that the plaintiffs alleged facts to show that McLaughlin violated § 2518(8)(a) and that the statute of limitations does not apply because he is innocent.  Olsen also disputes the recommendation to dismiss the claims on the merits and argues that his counsel's ineffective representation prevented Olsen from knowing that McLaughlin violated § 2518(8)(a).


B.  Relief Sought

The plaintiffs ask for statutory damages and also ask the court to vacate their convictions.  Claims cannot be brought for

damages under 42 U.S.C. § 1983 that "would render a conviction invalid" unless the plaintiff can show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). Generally, 28 U.S.C. § 2255 is the proper means to challenge a federal conviction, but the plaintiffs have not brought petitions under § 2255. Although 18 U.S.C. § 2520(b)(1) includes equitable relief as a remedy for a violation, vacating a conviction is not within the realm of equitable relief that might be granted under the statute.

C.  <u>Violation of Section 2518(8)(a)</u>

Detective McLaughlin worked undercover, on the internet, to investigate child pornography.  Through his investigations, he intercepted and recorded emails and other electronic communications from individuals all over the county, including the plaintiffs in this case.  McLaughlin then sent copies of his recordings to law enforcement agencies with jurisdiction over the plaintiffs.  Each of the plaintiffs was convicted of child pornography offenses based on evidence provided by McLaughlin.

During Ismay's trial, McLaughlin explained the process he used to collect and copy internet communications.  The plaintiffs, all federal prisoners, met when they were incarcerated together in a federal prison in Marion, Illinois.  There, they exchanged information about their convictions on child pornography charges and discovered that McLaughlin had provided evidence against all of them.  They then brought suit in this court against McLaughlin, alleging that his affidavits violated § 2518(8)(a) of the ECPA.

Under the ECPA, "[e]xcept as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate."[1] § 2520(a).  Section 2518(8)(a) provides that "[t]he contents of any wire, oral, or electronic communication intercepted by any means authorized by this chapter shall, if possible, be recorded on tape or wire or other comparable device . . . [and] shall be done in such a way as will protect the recording from editing or other alterations."  To recover damages, a plaintiff must prove

---

[1] The plaintiffs do not challenge McLaughlin's authority to record their communications under 18 U.S.C. § 2511(2)(c).

by a preponderance of the evidence that the defendant violated a provision of the ECPA.[2] Lewton v. Divingnzzo, 772 F. Supp. 2d 1046, 1058 (D. Nev. 2011).

The plaintiffs allege that McLaughlin violated § 2518(8)(a) by copying recordings of their internet communications into word processing documents titled "Supporting Affidavits."  They allege that because word processing documents can be edited, their communications were not protected in violation of § 2518(8)(a).  They also allege that by using a word processing document that included content prepared before their communications were intercepted McLaughlin's process shows that he could have altered the content of their communications.

To state a claim under § 2520(a) and § 2518(8)(a), the plaintiffs must allege facts that show that it was possible for McLaughlin to record their communications in a way that would protect the recording from editing or alteration and that he did not do so.  The complaint and attached exhibits, however, show that McLaughlin took "screen captures" of communications and printed communications and that parts of those recordings were copied and pasted into his affidavits.  The plaintiffs use the

---

[2] In their complaint, the plaintiffs mistakenly rely on 18 U.S.C. § 3504(a) to put the burden on McLaughlin.

screen captures and print-outs to contest the content of the affidavits.

While the plaintiffs challenge the affidavits created by McLaughlin, they apparently accept the accuracy and validity of the other recordings made by McLaughlin and do not contend that those violated § 2518(8)(a).  Therefore, because the plaintiffs allege that McLaughlin saved their communications through other means that did not violate § 2518(8)(a), they have not alleged facts to show that McLaughlin violated the ECPA.  In addition, even if the copy and paste method were the only means by which the plaintiffs' communications were recorded, that would not necessarily violate § 2518(8)(a).  See Harmon v. United States, 2016 WL 815595, at *7 (N.D. Ohio Mar. 2, 2016).

The plaintiffs focus most of the complaint on their charges that McLaughlin tampered with their communications and fabricated evidence against them in the affidavits, relying on United States v. Williams, 16 F. Supp. 3d 1301 (N.D. Okla. 2014), and United States v. Jackson, 488 F. Supp. 2d 866, 870-71 (D. Neb. 2007).  Because this is a civil case under the ECPA, not a petition for a writ of habeas corpus or a motion in a criminal proceeding, those cases provide no support for the plaintiffs here.

9

In addition, as the magistrate judge found, the plaintiffs have not shown that fabrication or material alterations occurred.  The plaintiffs provide copies of the screen captures and print-outs of their communications with McLaughlin and contrast those to McLaughlin's pasted copies in the affidavits. They offer their own analysis of the copy-and-pasted documents, faulting McLaughlin for minor changes between the screen capture and printed versions of the communications, which the plaintiffs credit as authentic, and the affidavits.  The small changes do not show any material fabrications or alterations, contrary to the plaintiff's conclusory accusations.

Further, in Jackson, an expert provided an examination of the evidence to show that material alterations had occurred. Here, the plaintiffs' analysis focuses on minutiae, and the probative value of their challenges to the communication evidence, compared to an analysis by an expert, lacks persuasive power.  See Harmon, 2016 WL 815595.

In any case, the plaintiffs concede that McLaughlin made other recordings of their communications and do not allege that those recordings violate § 2518(8)(a).  Indeed, the plaintiffs rely on the other recordings to challenge McLaughlin's affidavits.  Therefore, the plaintiffs fail to allege a claim that McLaughlin did not record their communications "in such a

way as will protect the recording from editing or other
alteration." § 2518(8)(a).

D.   Statute of Limitations

     A civil action under § 2520 must be brought within "two
years after the date upon which the claimant first has a
reasonable opportunity to discover the violation." § 2520(e).
The plaintiffs filed this suit on February 25, 2016.  Therefore,
their claims are time barred if they had a reasonable
opportunity to discover the alleged violation before February
25, 2014.

     The plaintiffs knew from their criminal cases that
McLaughlin had intercepted their online communications and
provided that information, including the affidavits, to the
prosecutors.[3]  As the magistrate judge reported, each of the
plaintiffs was represented by counsel during the criminal cases.
Although the details about McLaughlin's techniques in
intercepting their communications apparently were at issue only
in Ismay's case, none of the plaintiffs provide any reason why

_____

     [3] The plaintiffs' reliance on Holland v. Florida, 560 U.S. 631
(2010), is misplaced, as the Supreme Court there addressed
equitable tolling for purposes of limitations periods imposed by
the Antiterrorism and Effective Death Penalty Act.  The
plaintiffs have provided no cognizable grounds for equitable
tolling here.

the details were unavailable to them, except that they had no
legal background and counsel did not raise the issue during
their criminal cases.

The plaintiffs' incarceration does not toll the limitations
period.  Lacedra v. Donald W. Wyatt Det. Facility, 334 F. Supp.
2d 114, 127 n.7 (D.R.I 2004); accord Fiore v. Dupre, 2011 WL
2748191, at *6 (D.R.I. June 16, 2011).  In addition, the
plaintiffs' lack of legal training or understanding of the law
does not provide grounds to toll a limitations period.  Holmes
v. Spencer, --- F.3d ---, 2016 WL 2610658, at *3 (1st Cir. May
6, 2016).  While counsel's conduct during and after a criminal
action may provide extraordinary circumstances to support
equitable tolling for purposes of the limitations period
applicable to habeas corpus petitions, no such rule applies
here.  See Holland v. Florida, 560 U.S. 631 (2010) (discussing
equitable tolling for purposes of the Antiterrorism and
Effective Death Penalty Act and 28 U.S.C. § 2244(d)).

Warner was convicted in 2008, and Rowe and Olsen were
convicted in 2011.  The plaintiffs had a reasonable opportunity
to discover the alleged violation of the ECPA long before the
limitations period expired.  Indeed, their allegations in the
complaint and their filings in their criminal cases show that

they were aware of the bases for the ECPA claim more than two years before they filed suit here.[4]

The plaintiffs also contend that the limitations period should be tolled because they are actually innocent of the crimes of conviction.[5]  The validity of their convictions is not at issue in this case.  The actual innocence ground for tolling applies to petitions for a writ of habeas corpus, not to civil actions under the ECPA where innocence and guilt are not at issue.  See, e.g., Brown v. Reilly, 2015 WL 4510376, at *2 (D.N.H. July 23, 2015) (citing McQuiggin v. Perkins, 133 S. Ct. 1924, 1935 (2013)).  As a result, even if the plaintiffs had provided any plausible support for a claim of actual innocence, which is absent, that would not provide grounds to toll the limitations period in this case.

Therefore, the plaintiffs' claims under the ECPA are barred by the statute of limitations.

---

[4] According to the complaint in this case, the details of McLaughlin's methods were described in Ismay's case in 2008, and Olsen further investigated McLaughlin's methods in 2010.  Warner filed an amended petition for relief under 28 U.S.C. § 2255 on August 23, 2012, challenging McLaughlin's interception of his communications under § 2518(8)(a), based on Ismay, 08-cr-39 (C.D. Cal. 2008).  Rowe filed a motion in his criminal case on June 18, 2013, raising the issue of McLaughlin's interception of his communications under § 2518 based on Ismay.

[5] Warner also raises a miscarriage of justice ground for tolling that applies in habeas cases but not here.

Because leave to amend would be futile in this case, the claims brought by Warner, Rowe, and Olsen are dismissed with prejudice.

<u>Conclusion</u>

For the foregoing reasons, the report and recommendation (document no. 37) is accepted as modified by this order.

The report and recommendation issued on June 9, 2016, (document no. 20) has been vacated.

The motion for default judgment (document no. 6) is terminated as moot.

Ismay's motion to withdraw, construed as a notice of voluntary dismissal, (document no. 50) is granted.  Ismay's claim is dismissed without prejudice.

The complaint is dismissed with prejudice as to Warner, Rowe, and Olsen.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.


_____
Joseph DiClerico, Jr.
United States District Judge


August 30, 2016


14

cc:  John A. Curran, Esq.
     J. Randall Ismay, pro se
     Kyle Olsen, pro se
     Kenneth J. Rowe, pro se
     Adelbert H. Warner II, pro se