UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Adelbert H. Warner, II, et al.</u>

   v.                                    Civil No. 16-cv-34-JD
                                         Opinion No. 2017 DNH 139
<u>James F. McLaughlin</u>


                              O R D E R

   Adelbert H. Warner, II, along with three other prisoners, proceeding pro se, brought suit against James McLaughlin, a detective in the Keene, New Hampshire, Police Department.  The plaintiffs alleged that McLaughlin violated the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, et seq., when he intercepted their on-line communications while posing as an interested participant.  The court dismissed all claims.  Warner seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) or (2) and also moves to supplement his motion for relief.  McLaughlin objects.

   After Warner filed his motion for relief from judgment, Nicholas Rowe and Randi L. Miller, each proceeding pro se, filed motions to join Warner's suit against McLaughlin.  McLaughlin objected to the motions and also moved to strike the motions.  Miller and Rowe filed objections to the motion to strike.

I.  Motion for Relief from Judgment and Supplement

Warner seeks relief from judgment, asserting that the court made mistakes of fact in approving, as modified, the report and recommendation to dismiss his claims that McLaughlin violated the ECPA.  Warner then moved to supplement his motion "to provide additional examples of [McLaughlin's] evidence fabrications, supported by evidence re-acquired by Warner from the 'Supporting Affidavit' produced by [McLaughlin] for Warner's case, and contained with the Michigan State Police report Incident No. 06-911-08."  McLaughlin objects to both motions.

The court has considered the additional evidence provided by Warner through his motion to supplement his motion for relief from judgment.

A.  Standard of Review

Rule 60(b) allows the court to relieve a party from a final judgment based on a variety of reasons listed in (1) through (6).  Relief under Rule 60(b) is extraordinary, so that a party seeking relief "must establish, at the very least, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted."  Rivera-

Velazquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 3-4 (1st Cir. 2014). Rule 60(b)(1) allows the court to grant relief because of "mistake, inadvertence, surprise, or excusable neglect," and Rule 60(b)(2) allows the court to grant relief based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

B. Background

The plaintiffs alleged that McLaughlin violated § 2518(8)(a) by using computer word processing software to copy their communications into affidavits. They also asserted that McLaughlin altered and fabricated evidence against them. They argued that their claims were not untimely because they were entitled to equitable tolling. The plaintiffs asked that their convictions be vacated and expunged from their records and sought statutory damages along with attorneys' fees and litigation costs.

On preliminary review, pursuant to 28 U.S.C. § 1915A, the magistrate judge found that the plaintiffs' allegations did not demonstrate that McLaughlin's recording of their communications violated § 2518(8)(a) and recommended dismissal of the complaint for that reason. The magistrate judge also found that the action was barred by the two-year statute of limitations,

§ 2520(e), and that the plaintiffs had not alleged grounds to support tolling of the limitation period. The court approved the magistrate's report and recommendation and dismissed all claims on the grounds that the plaintiffs failed to allege a cognizable claim that McLaughlin violated the ECPA, § 2518(8)(a), and that the claim was barred by the ECPA's statute of limitations.

Warner moved for reconsideration, arguing that dismissing the case based on preliminary review denied him his right to a jury trial under the Seventh Amendment and that the pleadings were misconstrued and should have been construed in his favor. In denying the motion for reconsideration, the court explained Warner's misperceptions about the court's order dismissing the claims and his misunderstanding of the applicable legal standards and issues.

Three of the plaintiffs filed notices of appeal in November of 2016. This court denied their motion to have their appeals consolidated because of a lack of jurisdiction. The First Circuit summarily affirmed the dismissal of the plaintiffs' claims on March 17, 2017, on the ground that their claims were time barred. The First Circuit noted that the two-year limitations period had expired long before they brought suit and that the "plaintiffs have identified no authority legitimately

4

suggesting that Holland [v. Florida, 560 U.S. 631 (2010)] has any bearing on the ECPA, notwithstanding plaintiffs' frivolous attempt to use the ECPA to collaterally attack their criminal convictions."

C. Discussion

Undeterred by the decision of the First Circuit, Warner has filed a motion for relief from judgment pursuant to Rules 60(b)(1) and (2). McLaughlin has filed an objection.

1. Rule 60(b)(1)

In support of his motion, Warner argues that the court made mistakes of fact in concluding that the plaintiffs had not shown a violation of § 2518(8)(a).[1]  Under First Circuit precedent, the "mistake" in Rule 60(b)(1) is the mistake of a _party_, not a _court_. Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 188-89 (1st Cir. 2004). For that reason, relief is not available under Rule 60(b)(1) to correct any alleged errors of fact made by a court.  Id.

---

[1] Warner also filed a motion to supplement his motion for relief from judgment in which he addresses "additional examples of fabrication." Warner argues that evidence shows that McLaughlin fabricated emails that were used to convict Warner. He contends that his additional evidence supports relief under Rule 60(b)(1).

5

2.  Rule 60(b)(2)

Warner does not expressly state in his motion what newly discovered evidence he offers to support relief from judgment. It appears that initially Warner intended to rely on the report of Kevin Peden of Peden Digital Forensics in Valleyford, Washington, which is dated February 20, 2017. Warner then moved to supplement his motion with additional evidence as noted in footnote one above.

Peden states that he reviewed documents from the plaintiffs' criminal cases. In his opinion, the process used to create the documents made them unreliable. Peden further states, however, that without the actual logs of the communications, "it is very difficult to determine the level of accuracy of the provided chats throughout the reports." Peden suggests that another method of collecting the chats would have been more reliable. As such, Peden's report, at best, provides lukewarm support for Warner's claim.

Warner does not show, or even argue, that Peden's report could not have been obtained before judgment or at least in time to move for reconsideration under Federal Rule of Civil Procedure 59(e).[2] More importantly, Peden's report and the

---

[2] Warner acknowledges he "re-acquired" the supplemental evidence and does not show that he could not have presented that evidence in support of his claim before the case was dismissed.

6

additional evidence presented in the motion to supplement are irrelevant to the timeliness of Warner's claim.  The plaintiffs' claims were dismissed as untimely under the ECPA's statute of limitation, which was affirmed on appeal.  As a result, even if Warner could meet the requirements of Rule 60(b)(2), which he has not done, he cannot show that the additional evidence would allow him to present a meritorious claim.

II.  Motions to Join and to Strike

Rowe and Miller move to join in this case against McLaughlin.  In support they cite Federal Rule of Civil Procedure 20(a).  This case, however, has been dismissed, and judgment has entered.  Therefore, no pending case exists for them to join.

McLaughlin moves to strike the motions to join, under Federal Rule of Civil Procedure 12(f), as redundant, immaterial, and impertinent.  Rule 12(f) does not apply to strike the motions filed by Rowe and Miller.  See, e.g., Lath v. Oak Brook Condos. Owners' Ass'n, 2017 WL 1193994, at *5 (D.N.H. Mar. 30, 2017).  In addition, McLaughlin focuses on the merits of the motions and argues that Rowe and Miller failed to meet the requirements for intervention.

Because the motions to join are denied as moot in light of the denial of Warner's motion for relief from judgment, McLaughlin's motion to strike the motions to join is also moot.

## Conclusion

For the foregoing reasons, the plaintiff's motion for relief from judgment (document no. 85) is denied. The plaintiff's motion to supplement (document no. 89) is granted, and the evidence and argument presented in the motion were considered.

The plaintiff is not granted relief from judgment.

The motions to join the case, filed by Randi Miller and Nicholas Rowe (documents nos. 90 and 91), are denied as moot.

The motion to strike filed by the defendant (document no. 96) is also denied as moot.

The judgment remains as issued on September 1, 2016, and the case remains closed.

SO ORDERED.

Joseph DiClerico, Jr.
United States District Judge

July 17, 2017
cc: Adelbert H. Warner, II, pro se
    John A. Currant, Esq.
    J. Randall Ismay, pro se
    Kyle Olsen, pro se
    Kenneth J. Rowe, pro se